Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000090
14-APR-2015
08:06 AM

NO. CAAP-15-0000090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


YURIE YAMANO, Plaintiff-Appellant, v.
DOCTOR KEIICHI KOBAYASHI, AND
DOCTOR KATIE HUANG, Defendants-Appellees


IN THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 14-1-2135-10 RAN)

ORDER GRANTING APRIL 1, 2015 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Defendant-Appellee Katie Huang, M.D.'s (Appellee Dr. Huang), April 1, 2015 motion to dismiss appeal for lack of appellate jurisdiction, (2) Defendant-Appellee Keichi Kobayashi, M.D.'s (Appellee Dr. Kobayashi), joinder in Appellee Dr. Huang's April 1, 2015 motion, (3) the lack of any memorandum by Plaintiff-Appellant Yurie Yamano (Appellant Yamano) in opposition to Appellee Dr. Huang's April 1, 2015 motion, and (4) the record, it appears that we lack appellate jurisdiction over this appeal that Appellant Yamano has asserted from the Honorable Rhonda A. Nishimura's February 3, 2015 order and February 4, 2015 order dismissing Appellant Yamano's complaint, because the circuit court has not yet reduced these two interlocutory orders to a separate judgment document.

Hawaii Revised Statutes ("HRS") § 641-1(a) (1993 & Supp. 2014) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals

under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) ("[A]n order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." (Citation omitted; emphasis added)). When interpreting the requirement under HRCP Rule 58 for a separate judgment document that, on its face, resolves all claims against all parties, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). Consequently, "[a]n appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted).

The February 3, 2015 order and February 4, 2015 order dismissing Appellant Yamano's complaint are interlocutory orders. On March 30, 2015, the circuit court clerk entered the record on appeal for appellate court case number CAAP-15-0000090, which does not contain a separate judgment, as HRS § 641-1(a) and HRCP

Rule 58 require under the holding in Jenkins. Although exceptions to the final judgment requirement exist under the doctrine in Forgay v. Conrad, 47 U.S. 201 (1848) (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b) (1993 & Supp. 2014), the February 3, 2015 order and February 4, 2015 order dismissing Appellant Yamano's complaint do not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). Absent an appealable final judgment, we lack appellate jurisdiction, and Appellant Yamano's appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appellee Dr. Huang's April 1, 2015 motion to dismiss appeal for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000090 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, April 14, 2015.

Presiding Judge

Associate Judge

Associate Judge